THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES E. MARTINEZ, Defendant-Appellant.

First District (4th Division) No. 77-325

Opinion filed November 3, 1977.

Charles G. Haskins, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Richard J. Barr, Jr., of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

The defendant, Charles E. Martinez, was charged by traffic complaints with operating a motor vehicle while his driver's license was suspended and with following too closely behind another vehicle. (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—303(a), 11—710(a).) Although somewhat unclear, the record indicates that the circuit court denied defendant's written pretrial motion to dismiss the complaint charging operation of a vehicle while defendant's license was suspended. The court expressly stated the order of denial was final for purposes of appeal, and continued the matter to a later date for disposition on that charge. The record also indicates that defendant entered a plea of not guilty, waived trial by jury and stipulated to the correctness of the complaint charging him with following too closely behind another vehicle, for which he was placed under supervision for a period of 60 days.

■■ Defendant appeals solely from the order denying his pretrial motion to dismiss the charge of operating a motor vehicle while his driver's license was suspended. He contends that the order of denial was improperly entered in light of a recent three-judge Federal district court decision in an unpublished memorandum opinion. That court declared the Illinois statute relating to suspension or revocation of drivers' licenses unconstitutional on the grounds that the statute did not require notice and hearing prior to the licensing authority issuing an order of suspension or revocation. Defendant contended in his pretrial motion to dismiss that he had been denied due process since no prior notice and hearing relating to suspension or revocation of his driver's license was afforded him. (See *Love v. Howlett* (N.D. Ill. 1976), No. 75 C 1821, declaring unconstitutional section 6—206(a)(3) of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 6—206(a)3).) We note, however, that *Love v. Howlett* (N.D. Ill. 1976), No. 75 C 1821, was subsequently overturned by the United States Supreme Court in *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723. The Supreme Court held that the Illinois statutory provisions relating to suspension and revocation of drivers' licenses were not violative of due process of law, and that Illinois authorities could properly revoke or suspend drivers' licenses without predecision administrative hearings. See also *People v. Anderson* (1977), 50 Ill. App. 3d 516, 365 N.E.2d 729.

■■ Aside from the foregoing, examination of the record of this proceeding indicates that this case involves an attempt to appeal from a nonappealable interlocutory order denying a motion to dismiss a complaint. The appeal must therefore be dismissed for want of jurisdiction in this court. *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63, and the cases cited therein; Ill. Rev. Stat. 1975, ch. 110A, par. 603.

■■■ The trial court's express statement that the order of denial was final for purposes of appeal did not make the order appealable. (See *People v. McGary* (1970), 120 Ill. App. 2d 170, 256 N.E.2d 374.) The fact that defendant was also placed under supervision on the accompanying charge of following too closely cannot impart jurisdiction to entertain this appeal as to the charge involving the suspended driver's license because the notice of appeal in no way purports to include an appeal from the former matter. See, *e.g., People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.*

For the foregoing reasons, the appeal taken from the order of the circuit court of Cook County denying defendant's motion to dismiss the charge of operating a motor vehicle while his driver's license was suspended is dismissed.

Appeal dismissed.

JOHNSON and ROMITI, JJ., concur.

---

* We do not express any opinion whether the order placing defendant under supervision would have been appealable in any event under the posture of the Supreme Court Rules. See Ill. Rev. Stat. 1975, ch. 110A, par. 604(b); see also *People v. Breen* (1975), 26 Ill. App. 3d 547, 325 N.E.2d 738; remanded to circuit court without consideration of the finality of the order sought to be appealed in *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31.