(No. 68709.—)

DANIEL M. KIRWAN, Deputy Defender, Office of the State Appellate Defender, Fifth Judicial District, Petitioner, v. THOMAS M. WELCH, Justice of the Appellate Court, *et al.*, Respondents.

*Opinion filed December 21, 1989.—Rehearing denied January 29, 1990.*

RYAN, J., concurring.

Daniel M. Kirwan, Deputy Defender, *pro se*, and Mary M. Menard, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Douglas K. Smith, Assistant Attorneys General, of counsel), for respondents.

JUSTICE CLARK delivered the opinion of the court:

Defendant, Curtis M. Koch, was convicted of battery, a Class A misdemeanor, following a bench trial in the circuit court of Richland County and was sentenced to 12 months of court supervision, fined $60 in court costs and required to complete 12 months of counseling. The defendant filed a timely notice of appeal and the circuit court appointed the office of the State Appellate Defender, Fifth Judicial District, to represent the defendant on appeal. The State Appellate Defender (petitioner) filed a motion before the appellate court to withdraw as counsel on the grounds that the State Appellate Defender Act (Ill. Rev. Stat. 1987, ch. 38, par. 208—1 *et seq.*) does not authorize the office of the State Appellate Defender to represent the defendant in his appeal. The appellate court denied the petitioner's motion to withdraw. Petitioner subsequently filed the present action asking this court to issue a writ of *mandamus* (107 Ill. 2d R. 381) or a supervisory order (107 Ill. 2d R. 383) directing the respondents, the justices of the Appellate Court, Fifth District, to grant the petitioner's motion to withdraw as counsel.

The issue here focuses on the authority of the circuit court to appoint the State Appellate Defender to represent the defendant in an appeal from a disposition of supervision.

.We begin by looking to the State Appellate Defender Act (the Act) (Ill. Rev. Stat. 1987, ch. 38, par. 208—1 *et seq.*) in which the legislature described the circumstances under which the State Appellate Defender may be appointed to represent indigents on appeal. We recognize that in construing the Act we must ascertain and give effect to the legislature's intent in enacting the statute (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479) and, accordingly, we look to the language of the statute itself as the best indication of the intent of the drafters. See *People v. Robinson* (1982), 89 Ill. 2d 469, 476.

Section 10(a) of the Act provides:

> "(a) The State Appellate Defender shall represent indigent persons on appeal *in criminal cases other than misdemeanor cases not involving a sentence of imprisonment,* when appointed to do so by the Supreme Court, the Appellate Court, or the Circuit Court or any branch thereof." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 208—10.

The Appellate Defender argues that the language of the statute is clear and unambiguous and that, under the Act, he may only be appointed to represent indigents in misdemeanor cases in which a sentence of imprisonment has actually been imposed. He contends that an order of supervision is a final judgment (see Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(g) (stating that "[a] disposition of supervision is a final order for the purposes of appeal")) which does not involve imprisonment and, consequently, the Appellate Defender may not be appointed to represent the defendant in his appeal from an order of supervision.

The respondents contend that such a construction is unrealistic and does violence to the spirit and purpose of the Act, which is to provide efficient, cost-effective representation to indigent appellants. They maintain that a disposition of supervision is an interlocutory order which

defers proceedings in the case, not a final judgment which disposes of the case. (See *People v. Tarkowski* (1981), 100 Ill. App. 3d 153 (stating that a disposition of supervision is not a final judgment).) Since the defendant remains eligible for a term of imprisonment in the event he does not successfully complete supervision, the respondents claim that the case involves imprisonment and that the Appellate Defender was properly appointed to represent the defendant in his appeal.

To resolve this issue, we must examine the nature of supervision. Upon a plea or a finding of guilty, or on stipulated facts, a trial court may enter an order for supervision. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c).) Supervision is defined as "a disposition of conditional and revocable release *** at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—1—21.) When a defendant is placed on supervision, judgment on the charges and all further proceedings are deferred until the conclusion of the period of supervision. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—3.1(a), (d).) If the defendant successfully completes his supervision, the defendant is discharged and a judgment dismissing the charges is entered. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(e).) A discharge and dismissal upon a successful conclusion of supervision is without an adjudication of guilt and does not result in a conviction for purposes of disqualification or disabilities imposed by law. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(f).) However, if a defendant violates the conditions of his supervision, the supervision may be revoked and any other sentence available at the time of the initial sentencing may be imposed. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(e); see generally Teton, *Crime Without Conviction: Su-*

*pervision Without Sentence*, 19 J. Marshall L. Rev. 547 (1986).

Based on these provisions, we conclude that a disposition of supervision is not a final judgment. As noted above, supervision does not dispose of the proceedings on the underlying offense but merely defers the proceedings until the conclusion of the period of supervision. An order of supervision does not possess any of the characteristics of finality: it does not terminate the litigation between the parties on the merits of the cause or settle the rights of the parties. (See *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 537.) On the contrary, when supervision is imposed, a judgment on the underlying offense is deferred until the period of supervision is completed.

The petitioner argues that, in spite of its interlocutory nature, a disposition of supervision constitutes a final judgment by virtue of section 5—6—3.1(g) of the Unified Code of Corrections, which provides that "[a] disposition of supervision is a final order for the purposes of appeal." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(g).) This argument equates an order made "final for purposes of appeal" with a "final adjudication"; however, the two are not the same. (*People v. Chupich* (1973), 53 Ill. 2d 572, 584.) A final judgment terminates the litigation on the merits and leaves nothing to be done but to proceed to execution. (*People v. Kuhn* (1988), 126 Ill. 2d 202, 207.) An order of supervision which has been made "final for purposes of appeal," on the other hand, is simply appealable; as noted previously, it does not terminate the litigation between the parties on the merits of the cause or settle the rights of the parties.

We conclude, therefore, that section 5—6—3.1(g) does not make an order of supervision a final adjudication on the merits. Rather, it is a rule of procedure supplement-

ing our Rule 604(b) (107 Ill. 2d R. 604(b)), which provides for appeals from orders of supervision (see *Gibellina v. Handley* (1989), 127 Ill. 2d 122; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273 (cases which recognize the legislature's concurrent jurisdiction to promulgate rules of procedure so long as they do not infringe upon the inherent powers of the judiciary)). Until a final judgment on the underlying offense is entered, the case involves imprisonment, and, consequently, we find that the circuit court was within its authority in appointing the petitioner to represent the defendant in his appeal.

Our conclusion that the State Appellate Defender can represent indigent defendants in appeals from orders of supervision is supported by the legislative history of the State Appellate Defender Act. When the office of the State Appellate Defender was created in 1972, the Appellate Defender was authorized to "represent indigent persons on appeal in criminal cases when appointed to do so," without exception or limitation. (See Ill. Rev. Stat. 1973, ch. 38, par. 208—10(a).) At that time, *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, required the assistance of counsel for any accused who might be deprived of his liberty as the result of any criminal prosecution, whether felony or misdemeanor. (*Argersinger*, 407 U.S. at 37, 32 L. Ed. 2d at 538, 92 S. Ct. at 2012.) In 1979, the Supreme Court decided *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, in which it held that the sixth and fourteenth amendments do not require a State trial court to appoint counsel for a criminal defendant who is charged with a statutory offense for which imprisonment upon conviction is authorized, but not imposed. (*Scott*, 440 U.S. at 373-74, 59 L. Ed. 2d at 389, 99 S. Ct. at 1162.) Thereafter, our legislature amended the State Appellate Defender Act by inserting the words "other than misdemeanor cases not involving a sentence of imprison-

ment" into the statute. Ill. Rev. Stat. 1979, ch. 38, par. 208—10(a).

We do not believe that by amending the statute in this way the legislature intended to exempt from the Act a specific class of indigent defendants who are eligible for a sentence of imprisonment. The floor debate on Senate Bill 889 (77th Ill. Gen. Assem., Senate Bill 889, 1971 Sess.), which established the office of the State Appellate Defender, reveals that the purpose of the State Appellate Defender Act was to provide experienced appellate representation for indigent appellants. The creation of a State agency to represent indigents on appeal was based in part on the belief that such a handling of appeals would, in the long run, be financially more advantageous than having the appeal handled by the public defender who represented the accused at the trial level. Another consideration in establishing the office was the difficulty in finding private attorneys willing to accept appointments on individual criminal appeals. 77th Ill. Gen. Assem., Senate Proceedings, May 17, 1972, at 11-19.

The floor debate on Senate Bill 88 (81st Ill. Gen. Assem., Senate Bill 88, 1979 Sess.), which contained the amendatory language on which the petitioner relies, does not indicate that the proposed amendment was intended to affect the purpose of the Act; rather, the debate reveals that the purpose of this amendment was to save money at the appellate level by not providing counsel to indigent defendants in cases where a jail sentence was not imposed or anticipated. (See 81st Ill. Gen. Assem., Senate Proceedings, May 24, 1979, at 206-07.) This point is illustrated by Representative McClain's comments:

> "What this Bill now provides for is [*sic*] the state appellate defender's office may not represent indigent clients on appeal for misdemeanor cases not involving a sentence of imprisonment. *I think that it is important for you to*

*know that if up front there is a possibility for a sentence of imprisonment, then the state appellate defender's office must represent that indigent in the appeal.* However, if ... if there is no imprisonment, if that is already agreed to, the state's attorney is not going to ask for imprisonment, then the indigent must provide himself with private counsel ***." (Emphasis added.) (81st Ill. Gen. Assem., House Proceedings, June 20, 1979, at 87 (statements of Representative McClain).)

Thus, contrary to the petitioner's argument, we believe that the legislature did intend that the office of the State Appellate Defender represent all misdemeanant appellants except in cases where a sentence of imprisonment is not possible and find that the petitioner was properly appointed as counsel in the present case. Accordingly, the petition for a writ of *mandamus* is denied.

Alternatively, petitioner asks that this court exercise its supervisory powers and require that the petitioner be allowed to withdraw as the defendant's counsel. In light of our conclusion that the petitioner was properly appointed to represent the defendant on appeal, the petitioner's motion for a supervisory order is denied.

*Writ denied; motion for*
*supervisory order denied.*

JUSTICE RYAN, concurring:

I concur with the holding of the court in this case and write only to point out, what I perceive to be, the unconstitutional provision contained in section 5—6—3.1(g) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(g)), and to prevent a possible misconstruction of the court's opinion.

The opinion notes that the provision of this section of the statute does not make an order of supervision a final adjudication on the merits. The provision of this section of the statute, the opinion notes, only makes an order of

supervision final "for the purposes of appeal"; that is, this section attempts to make other than final judgments appealable. Section 6 of article VI of the Illinois Constitution of 1970 provides that "the Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, §6.

The opinion in this case seems to treat the provision of section 5—6—3.1(g) of the Unified Code of Corrections as a statutory provision supplementing our Rule 604(b) (107 Ill. 2d R. 604(b)) in an area where the legislature has concurrent jurisdiction with this court to promulgate rules of procedures so long as they do not infringe upon the inherent power of the judiciary. That is not the case. This is an attempt by the legislature to make an order that is not a final judgment appealable. That authority is vested solely in the supreme court by our constitution, and any attempt by the legislature to enact legislation in that area is an infringement on this court's constitutional authority and is unconstitutional. The opinion in this case should not be viewed as an approval by this court of such an infringement or as an acknowledgment that the legislature has any concurrent jurisdiction in this area. The provision of section 5—6—3.1(g) has no effect on the appealability of this interlocutory order in this case because of the provision of our Rule 604(b), which makes an order of supervision appealable. However, I do not want this opinion to be viewed as an invitation to the legislature to attempt to make other interlocutory orders appealable in areas where this court has not so provided.

In *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, relying on section 7 of the 1964 amendment to article VI of the Illinois Constitution of 1870, which contained the same provisions as that quoted above from section 6 of article VI of the present constitution, this court held un-

constitutional provisions of a statute which provided that if an appeal is taken from a conviction of a forcible felony, the defendant shall not be entitled to bail and the sentence of imprisonment shall not be stayed pending appeal. This court stated the constitution has placed responsibility for rules governing appeals in the supreme court, and not in the General Assembly. 40 Ill. 2d at 66.

In *People v. Taylor* (1972), 50 Ill. 2d 136, this court considered a statute which made certain interlocutory orders nonappealable, whereas, under a rule of this court, such orders were appealable. Again, relying on section 7 of article VI of the 1964 amendment to the Illinois Constitution of 1870, this court held the statute unconstitutional, stating:

> "Section 7 covers the subject matter of instant concern and provides: 'The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court.' By this section the constitution vests in the Supreme Court sole authority to provide by rule for appeals to the appellate court from other than final judgments. Pursuant to this authority this court has adopted Rule 604 which provides for appeals from orders the substantive effect of which results in the dismissing of a charge for grounds enumerated in section 114—1 of the Code of Criminal Procedure; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence. Accordingly that portion of section 109—3(e) of the Code of Criminal Procedure which declares that the State may not appeal from the interlocutory orders referred to therein is void." (*People v. Taylor* (1972), 50 Ill. 2d 136, 140.)

This area then is not one in which the legislature and the supreme court exercise concurrent jurisdiction, but is one in which the supreme court alone may act. Any attempt by the legislature to legislate with regard to the appealability of other than final orders is void.