THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KERMIN A. TINKHAM, Defendant-Appellant.

Fourth District    No. 4—93—0876

Argued July 19, 1994.—Opinion filed August 23, 1994.

Richard M. Kash, Jr.(argued), of Fruin & Garst, of Paris, for appellant.

Allan F. Lolie, Jr., State's Attorney, of Paris (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Section 11—501 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11—501 (West 1992)) creates the offense of driving a motor vehicle while under the influence of alcohol or drugs (DUI) and provides for penalties. Section 11—501(d)(1) of the Vehicle Code states:

> "(d) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol or drugs or a combination of both which shall be a Class 4 felony if:
> (1) such person *committed a violation* of paragraph (a) [DUI offense] for the third or subsequent time." (Emphasis added.) 625 ILCS 5/11—501(d)(1) (West 1992).

On April 26, 1993, the State charged defendant Kermin A. Tinkham in the circuit court of Edgar County with the offense of aggravated DUI occurring on April 25, 1993. The first of the two factors aggravating the offense were alleged in words as follows:

> "[T]he defendant having previously *committed* the same offense in Edgar County on April 25, 1986, and having been *convicted* of a second offense in Edgar County on April 17, 1987." (Emphasis added.)

Defendant moved to dismiss on the basis that the conduct alleged to have been committed on April 25, 1986, resulted in a supervisory or-

der which was not a conviction and thus failed to qualify as the first factor which would enhance the offense charged to aggravated DUI. The State concedes that such a supervisory order was entered. The motion to dismiss was denied.

A bench trial was held and, on August 2, 1993, the circuit court found defendant guilty of aggravated DUI and sentenced him to two years of probation with 180 days to be served in the Edgar County jail. Defendant has appealed making the sole contention that the alleged April 26, 1986, episode which resulted in a supervisory order for DUI was erroneously considered as a factor which enhanced the offense of DUI, which he admittedly committed, to the offense of aggravated DUI. We disagree with this contention and affirm.

The supervisory order resulting from defendant's conduct on April 25, 1986, was entered pursuant to section 5—6—1(c) of the Unified Code of Corrections (Unified Code) which, at all times pertinent, has stated that upon a "plea of guilty" to a criminal charge or upon a stipulation of the existence of facts supporting such a charge, the court, under certain circumstances, may place the person charged under an order of supervision. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(c).) At all such times sections 5—6—3.1(d), (e), and (f) of the Unified Code have stated the following in regard to orders of supervision:

"(d) The court shall *defer entering any judgment on the charges* until the conclusion of the supervision.

(e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and *enter a judgment dismissing the charges.*

(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed *without adjudication of guilt* and shall *not be termed a conviction for purposes of disqualification or disabilities imposed by law* upon conviction of a crime." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—3.1(d), (e), (f).)

Section 5—6—3.1(f) of the Unified Code also provides a procedure where one subject to a supervisory order may eventually have that order sealed or expunged.

The dispute centers upon the meaning of the words "committed a violation of paragraph (a)" contained in section 11—501(d)(1) of the Vehicle Code. Defendant maintains that the word "committed" is ambiguous and generally ambiguities in legislation enhancing criminal penalties should be resolved in favor of the accused. (*People v. Alejos* (1983), 97 Ill. 2d 502, 512, 455 N.E.2d 48, 52; *People v. Carlock*

(1981), 102 Ill. App. 3d 1100, 1102, 430 N.E.2d 212, 214.) Defendant then points out that an order of supervision does not involve entry of a judgment until the period of supervision is completed and where, as here, it is successfully completed the judgment is a dismissal of the charges which does not amount to a conviction or adjudication of guilt "for purposes of disqualification or disabilities imposed by law upon conviction of a crime." Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3.1(f).

Defendant maintains that under *Alejos* and *Carlock*, and considering the characteristics of an order of supervision just described, we should interpret the word "committed" as it appears in section 11—501(d)(1) of the Vehicle Code to mean "convicted" or, in the alternative, treat the characteristics of the order of supervision as being inconsistent with enhancement. Three appellate court decisions of this State have dealt directly with enhancement through an order of supervision to aggravate a DUI and all of them hold that section 11—501(d)(1) of the Vehicle Code does not require a DUI conviction to aggravate the DUI offense. These cases are *People v. Winkler* (1993), 248 Ill. App. 3d 954, 618 N.E.2d 661, *People v. Lambert* (1993), 249 Ill. App. 3d 726, 619 N.E.2d 534, and *People v. Sheehan* (1994), 261 Ill. App. 3d 325, 633 N.E.2d 151. We agree with the decisions in the first two of those cases and with part of the analysis in the last case.

The *Winkler* court concluded that the language of section 11—501(d)(1) of the Vehicle Code should be given its plain and ordinary meaning (see *Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 405, 609 N.E.2d 321, 324-25) and that proof of the commission of a violation of section 11—501 of the Vehicle Code did not require proof of a conviction of that section. The court reasoned that, although placement of a person on supervision does not constitute an adjudication the person has committed the offense involved, a person placed on supervision has either pleaded the commission of the offense or stipulated to facts constituting the offense. *Winkler*, 248 Ill. App. 3d at 957, 618 N.E.2d at 662-63.

The *Lambert* court cited *Cunningham* and relied upon the plain meaning of section 11—501(d)(1) of the Vehicle Code as being that a person need not have been convicted of DUI to have "committed" the offense. Both decisions upheld convictions of aggravated DUI where the original commission of DUI was shown by an order of supervision.

The *Sheehan* court agreed that conviction of both prior enhancing DUI offenses was not necessary to elevate the third offense to aggravated DUI. Nonetheless, the majority opinion held that an enhancing offense could not be proved by a supervisory order for a

prior DUI offense alone. Accordingly, the dismissal of charges which relied entirely upon a supervisory order to show an enhancing offense was affirmed in two consolidated appeals. The *Sheehan* majority opinion was comprehensive. It noted that a supervisory order is admissible against that defendant in a civil case but is not conclusive upon the question upon which it is admitted. (See *Wright v. Stokes* (1988), 167 Ill. App. 3d 887, 891-92, 522 N.E.2d 308, 311.) The *Sheehan* majority, as does defendant here, relied upon the stated characteristics of a supervisory order set forth in sections 5—6—3.1(d), (e), and (f) of the Unified Code in concluding such an order is also nonconclusive when presented for enhancement in a criminal case.

The *Sheehan* majority does envision the case of a supervisory order as some evidence of the commission of an enhancing DUI offense in a case where aggravated DUI is charged. However, to be admissible that majority would require the State to prove that the defendant had opportunity for counsel before making the plea and that a factual basis existed for the plea.

The *Sheehan* majority looked to the legislative history of House Bill 2700 enacted during the 1987 session of the General Assembly (85th Ill. Gen. Assem., House Bill 2700, 1987 Sess.), which added the aggravated DUI provisions to section 11—501 of the Vehicle Code. The majority found that the legislative history was inconclusive as to the use of an order of supervision in enhancing a DUI offense to a Class 4 felony. We agree with that assessment.

The *Sheehan* majority then applied the rule that when legislative intent is unclear, the court should select a construction which is logical and useful (*Check Inn Lounge, Inc. v. Kozubowski* (1987), 164 Ill. App. 3d 1023, 1030, 518 N.E.2d 442, 446), and avoid a construction making the legislation meaningless. (*Yellow Equipment & Terminals, Inc. v. Lewis* (1976), 35 Ill. App. 3d 875, 879, 342 N.E.2d 426, 429.) The opinion agreed with the State that the word "committed" in section 11—501(d)(1) of the Vehicle Code is intended to be a more inclusive enhancing factor than would be the case if the word "convicted" had been used.

We agree with the analysis of the *Sheehan* majority up to and including the conclusion that the General Assembly intended for the word "committed" to have a broader scope than the word "convicted." The *Sheehan* majority then envisioned a procedure whereby in the proof of the enhancement of the offense the State could offer the plea in the earlier proceeding, where supervision was granted, as some evidence of enhancement and the trier of fact would then determine whether the enhancing factor was proved beyond a reasonable doubt.

We do not deem that this interpretation of the legislation in issue sets forth a logical and useful operation of section 11—501(d)(1) of the Vehicle Code.

In *Carlock,* the Appellate Court for the Second District was confronted with the enhancing provision of section 11—20(d) of the Criminal Code of 1961, which stated: "Obscenity is a Class A misdemeanor. A second or subsequent offense is a Class 4 felony." (Ill. Rev. Stat. 1979, ch. 38, par. 11—20(d).) The *Carlock* court affirmed a circuit court order which dismissed an indictment for felony obscenity. That charge alleged the date and location of conduct by the defendant alleged to be an enhancing factor but did not allege that conduct resulted in a conviction. The *Carlock* opinion explained that the legislature would not have intended a procedure whereby the State presented evidence of both the acts constituting the offense charged and also the enhancing offense. The court described such a procedure as both very undesirable and likely unconstitutional.

The procedure condemned by the *Carlock* court is the very procedure the *Sheehan* majority envision here as a way to reconcile the use of the word "committed" instead of "convicted" in section 11—501(d)(1) of the Vehicle Code. We conclude that a more logical and useful construction of section 11—501(d)(1) of the Vehicle Code is to attribute the use of the word "committed" instead of "convicted" to be to allow unexpunged orders of supervision for DUI to be used to conclusively enhance the severity of that offense when later charges are made.

The use of orders of supervision for first offenders committing DUI is well known. In seeking to determine the legislative intent of section 11—501(d)(1) of the Vehicle Code, the *Sheehan* majority quoted from statements made on the floor of the House of Representatives by two of its members (85th Ill. Gen. Assem., House Proceedings, May 21, 1987, at 27-28 (statements of Representative Cullerton); at 34-35 (statements of Representative McCracken)). Both spoke of supervision being the most likely disposition for the first DUI charge made against a typical defendant to a charge of aggravated DUI.

Our interpretation of section 11—501(d)(1) of the Vehicle Code is consistent with the overall philosophy of orders of supervision. They are to be entered only if the court determines the defendant is unlikely to commit further crimes. (730 ILCS 5/5—6—1(c)(1) (West 1992).) The logical purpose of the procedure is to protect a person who fulfills that expectation from detriment for that initial offense. That offense is not intended to disqualify him from various privileges he might enjoy nor place disabilities upon him. However, when that expectation of the court is not fulfilled and that person commits the

same offense again and then is charged with a third offense, logic dictates that the law recognizes, rather than disregards, the first offense for which the perpetrator was treated with such great restraint.

We recognize language in opinions of the Appellate Court for the Fifth District which implies that section 11—501(d)(1) of the Vehicle Code requires the existence of two prior DUI convictions in order to enhance a subsequent conviction to aggravated DUI. (*People v. Harrison* (1992), 225 Ill. App. 3d 1018, 1024, 588 N.E.2d 1256, 1259-60; *People v. Masten* (1991), 219 Ill. App. 3d 172, 175-76, 579 N.E.2d 27, 29-30.) However, that language was used in the context of situations where no supervisory orders were involved. In *Masten,* that court held that a judgment entered on a plea of guilty to DUI without any judgment of sentence was an enhancing factor to support a conviction for aggravated DUI.

We also recognize that in *People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 426 N.E.2d 631, the court was concerned with the appealability of an order placing a person on supervision. The court concluded that order was not properly appealed because no notice of appeal had been filed within the required 30-day period. The court then indicated that in any event, that court considered such an order "akin to a judgment of acquittal, which is expressly nonappealable under our constitution." (*Tarkowski,* 100 Ill. App. 3d at 161, 426 N.E.2d at 637.) Here, again, the ability of a supervisory order to enhance the severity of a subsequent offense was not in issue.

In *People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214, the court reversed enhanced sentences which were imposed pursuant to section 411 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56¹/₂, par. 1411) because convictions for the principal and enhancing offenses occurred on the same day and were for offenses which occurred within a four-day period. The court explained its ruling partly in these words:

"Enhanced penalty statutes are enacted as a *warning to a first offender* of the consequences of a second conviction, and it cannot legally be known that an offense has been committed until there has been a conviction. [Citation.] Further, an enhanced penalty should not be imposed until the offender has had the opportunity to reform due to the salutary discipline of the punishment which he has received as a consequence of his first conviction." (Emphasis added.) *Phillips,* 56 Ill. App. 3d at 695, 371 N.E.2d at 1219.

The foregoing language was quoted in *Masten* as the basis for the circuit court's ruling dismissing the charge there. The *Masten* court

concluded that the stated requirement for the defendant to have actually undergone punishment was *dicta*. (*Masten*, 219 Ill. App. 3d at 175-76, 579 N.E.2d at 29.) The same language was also cited in *Carlock* to support its conclusion that enhancing the severity of a subsequent offense, by proving a prior offense at the same time as the enhanced offense is proved, is not good practice. (*Carlock*, 102 Ill. App. 3d at 1103, 430 N.E.2d at 214-15.) Where, as here, the first offense results in an order of supervision, the defendant clearly gets a warning. While the party subject to an order of supervision does not get the "salutary discipline" given one who is incarcerated, the terms of such an order under section 5—6—3.1 of the Unified Code are very similar to some of those imposed on a person convicted and placed on probation under section 5—6—3 of the Unified Code. Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.

The entry of an order of supervision, in regard to an accused who has admitted the commission of an offense, is not rendered a nullity when that defendant is discharged, for clearly it may be used as evidence in aggravation when punishment is imposed for a subsequent conviction, even murder. (*People v. Johnson* (1989), 128 Ill. 2d 253, 286-87, 538 N.E.2d 1118, 1132-33.) Such an order is originally based upon a belief that the offender is not likely to offend again. As we have indicated, the order of supervision serves as a warning of the severity of punishment that lies ahead if a subsequent offense is committed. If the subject of the order of supervision nevertheless commits the same offense again, that subject should not be immune from the same further punishment as would be bestowed upon another first offender who did not impress the trial court as an unlikely repeater.

Accordingly, we hold that the order of supervision imposed upon defendant for DUI occurring on April 25, 1986, was properly used to enhance the severity of the offense which is the subject of the appeal. Accordingly, we affirm the judgment appealed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.