THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EVERETT G. MASTEN, Defendant-Appellee.

Fifth District   No. 5—90—0293

Opinion filed September 20, 1991.

Gregory B. Grigsby, State's Attorney, of Taylorville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Everett G. Masten, was charged with felony driving while license revoked in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303) and with felony driving under the influence of alcohol in violation of sections 11—501(a)(2) and (d)(1) (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(2), (d)(1)). The trial court granted defendant's motion to dismiss the charges, and the State appeals. We reverse.

Defendant was convicted of driving under the influence of alcohol on March 25, 1976, and his license was revoked on May 18, 1976. Defendant was subsequently convicted of driving while license revoked on three occasions with the latest conviction occurring on July 18, 1983.

On April 7, 1989, defendant pled guilty in Montgomery County, Illinois, to driving under the influence of alcohol, and, while he was never sentenced on that charge, the abstract of defendant's driving record reveals that defendant was under a statutory summary suspen-

sion from May 13, 1989, through November 13, 1989. Defendant obtained a Virginia driver's license on June 9, 1989. He was arrested for the current offenses on March 7, 1990.

We shall first address the trial court's dismissal of the driving while license revoked charge.

Section 6—303 of the Illinois Vehicle Code provides in pertinent part:

> "(a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or any other law *** shall be guilty of a Class A misdemeanor.
>
> * * *
>
> (d) Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section 11—401 or 11—501 of this Code ***." Ill. Rev. Stat. 1989, ch. 95½, pars. 6—303(a), (d).

■ When a defendant's driver's license has been revoked, he is not permitted to drive in Illinois until he obtains a license in compliance with the Illinois Vehicle Code. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—210; *People v. Cummings* (1988), 176 Ill. App. 3d 293, 298, 530 N.E.2d 672, 676.) The driver's license compact (Compact) to which Illinois and Virginia are parties is incorporated in the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—700 *et seq.*). Under section 6—704(2) of the Compact, a party-State may not grant a driver's license to a person who has a party-State's license currently revoked unless one year has passed from the date of revocation and the application is permitted by law. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—704(2); *People v. Cummings*, 176 Ill. App. 3d at 298-99, 530 N.E.2d at 676.) The Compact also provides that a party-State may not grant a driver's license to a person who has a party-State's license suspended until the suspension period has ended. Ill. Rev. Stat. 1989, ch. 95½, par. 6—704(1).

■ Defendant's license had clearly been revoked for over a year when the Virginia license was issued to him on June 9, 1989, and the passage of the year would have allowed him to obtain a license under the Compact. However, as noted above, defendant was under a statutory summary suspension from May 13 through November 13, 1989. The question before us is whether defendant's license should be considered "suspended," thereby rendering the issuance of the Virginia

license invalid under the Compact. We conclude that defendant's license was in fact "suspended" on June 9, 1989, that defendant's Virginia license was invalid under the Compact, and that the trial court improperly dismissed the driving while license revoked charge. Were we to hold otherwise, it would lead to the absurd result that one whose license has been previously revoked could avoid the effect of the summary suspension by obtaining a license in a foreign State as defendant did in this case.

■ We shall now address the felony driving under the influence charge. Section 11—501(d)(1) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(d)(1)) provides:

"(d) Every person convicted of committing a violation of this Section shall be guilty of a Class 4 felony if:

(1) Such person committed a violation of paragraph (a) for the third or subsequent time."

As noted earlier, defendant was convicted and sentenced to driving under the influence of alcohol in 1976. In addition, he pled guilty in 1989 to driving under the influence of alcohol. However, he was never sentenced on the 1989 charge. In dismissing the felony charge, the trial court relied upon *People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214.

In *Phillips* the defendant pled guilty on the same date to two offenses of unlawful delivery of a controlled substance. Defendant pled guilty and was sentenced on the first charge to a term of imprisonment of not less than 6⅔ years but not more than 20 years. Shortly thereafter defendant pled guilty and was sentenced on the second charge to a term of imprisonment of not less than nine years nor more than 27, an enhanced penalty.

We stated in *Phillips*:

"Enhanced penalty statutes are enacted as a warning to a first offender of the consequences of a second conviction, and it cannot legally be known that an offense has been committed until there has been a conviction. (*Kane v. State* (Del. 1974), 327 A.2d 744.) Further, an enhanced penalty should not be imposed until the offender has had the opportunity to reform due to the salutary discipline of the punishment which he has received as a consequence of his first conviction. (*State v. Mitchell* (1970), 2 Wash. App. 943, 472 P.2d 629; *State v. Conley* (Iowa 1974), 222 N.W.2d 501.)" *Phillips*, 56 Ill. App. 3d at 695, 371 N.E.2d at 1219.

It is the second sentence of the quotation set forth above that the trial court apparently relied upon in dismissing the felony charge. The

trial court dismissed the charge because the defendant had not yet been sentenced on the 1989 charge. We conclude that the trial court's reliance on this statement was misplaced because the statement was *dicta*.

The actual holding of *Phillips* is as follows:

> "*[W]e hold* that for a defendant to be sentenced to enhanced penalties of section 408 of the Controlled Substance Act the following must occur: (1) The defendant must be *convicted* of a narcotics violation charge as defined in (b) of section 408; (2) he must then commit another narcotics offense which leads to his second or subsequent conviction; and (3) the enhanced penalties provision must be specifically invoked by the trial court when imposing sentence." (Emphasis added.) (*Phillips*, 56 Ill. App. 3d at 695, 371 N.E.2d at 1219.)

In *Phillips* we determined that the defendant was not subject to an enhanced penalty because the act constituting the second offense did not occur after defendant had been convicted of the first offense. See also *People v. Leckner* (1986), 149 Ill. App. 3d 314, 500 N.E.2d 721.

We conclude that defendant was properly charged with felony driving under the influence. Defendant was convicted and sentenced in 1976 for driving under the influence. In 1989 he pled guilty to driving under the influence. The fact that he was not sentenced on that charge does not affect the State's ability to presently charge defendant with felony driving under the influence.

The definition of "conviction" contained in the Unified Code of Corrections supports our conclusion:

> "§5—1—5. Conviction. 'Conviction' means a judgment of conviction *or* sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—1—5.)

"It is clear that under this section, a 'conviction' encompasses judgments or sentences entered after a trial by judge or jury or upon a plea of guilty." *People v. Baker* (1983), 114 Ill. App. 3d 803, 809, 448 N.E.2d 631, 636.

For the foregoing reasons, the judgment of the circuit court of Christian County is reversed and remanded for further proceedings.

Reversed and remanded.

RARICK, P.J., and GOLDENHERSH, J., concur.