2019 IL App (3d) 180360

Opinion filed August 27, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois. |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-18-0360 |
| v. | ) | Circuit No. 17-TR-2144 |
| | ) | |
| JEFFREY A. WUNDERLICH, | ) ) | Honorable Theodore G. Kutsunis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice O'Brien concurred in the judgment and opinion.
Justice McDade concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1     The State charged defendant, Jeffrey A. Wunderlich, a Whiteside County sheriff's

deputy, under the Illinois Vehicle Code with failure to yield while turning left (625 ILCS 5/11-

902 (West 2016)), driving in the wrong direction (*id.* § 11-708), and improper lane usage (*id.*

§ 11-709(a)), following an accident involving defendant and a motorcycle. Defendant filed a

motion to dismiss the charges, which the trial court granted. The State appeals. We affirm.

¶ 2                                        I. FACTS

¶ 3     An accident occurred while defendant, who was off duty but in his marked squad car,

responded to a call for officers to assist in looking for a patient that had gone missing from a

nearby mental health facility. After receiving the call, defendant performed a left turn. The road he was turning onto was a one-way street meant for traffic traveling in the opposite direction. While executing the turn, defendant collided with a motorcycle.

¶ 4    The State filed multiple petty traffic offenses against the defendant. Defendant responded by filing a motion to dismiss the charges pursuant to section 114-1(a)(3) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(3) (West 2016)). Defendant asserted he was entitled to unqualified immunity from prosecution of violations of regulations governing direction of movement or turning in specified directions pursuant to section 11-205(c)(4) of the Vehicle Code (625 ILCS 5/11-205(c)(4) (West 2016)). His argument was based on the fact that he was the driver of an authorized emergency vehicle responding to an emergency call.

¶ 5    The trial court held a hearing on defendant's motion to dismiss. Lieutenant John Booker of the Whiteside County Sheriff's Department was the only witness who testified at the hearing. Booker stated that on the evening in question, the Whiteside County Sheriff's Department responded to a call for assistance regarding a missing person. A mentally ill patient from a mental health facility had escaped. Multiple law enforcement agencies responded to the call and began to setup a perimeter. Once Booker arrived on the scene, he assumed control of the search. As part of his command, he ordered all available sheriff's deputies to join the search. This included off-duty deputies. Booker testified that the call was an emergency and required an immediate law enforcement response. Booker also inquired as to whether an airplane was available to aid in the search for the missing patient. He further stated that defendant was driving a fully marked squad car and was responding to the emergency call when the collision with the motorcycle occurred.

¶ 6        The trial court found that defendant was the driver of an authorized emergency vehicle and was responding to an emergency call when the commission of the acts charged occurred. In granting defendant's motion to dismiss, the trial court stated:

> "The Court finds that *** the situation [defendant] faced in the search and rescue was properly characterized as an emergency situation. The Court also finds the charges brought against Defendant are those which regulate the movement or turning of traffic and that the Defendant was responding to an emergency at the time of his accident thereby invoking the protection of 11-205(c)(4) for the Defendant."

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, the State argues that the trial court erred in granting defendant's motion to dismiss. The State attempts to support this contention by stating that section 11-205 of the Vehicle Code does not confer absolute authority to disregard regulations governing direction of movement or turning. See *id.* § 11-205. Additionally, the State argues that the defendant's actions constituted a reckless disregard for the safety of others. Alternatively, the State asserts that the trial court erred in finding that defendant was responding to an emergency situation at the time of the accident.

¶ 9        Before engaging the merits of the State's arguments, we note that the parties disagree on the standard of review to be applied. The State argues for a *de novo* standard because the facts are not disputed and the question presented is one of statutory construction. Defendant maintains that the trial court's ruling was based on both a finding of fact and the interpretation of a statutory section necessitating a bifurcated standard of review. We agree with defendant. "The

trial judge based his decision on both a finding of fact and a legal ruling. We review the legal ruling *de novo*, and we review the finding of fact to determine whether it is against the manifest weight of the evidence." *People v. Marion*, 2015 IL App (1st) 131011, ¶ 25 (citing *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001)).

¶ 10                                        A. Emergency

¶ 11        We first address the State's alternative argument. The State takes issue with the trial court's factual finding that defendant was responding to an emergency. We review a trial court's findings of fact under a manifest weight of the evidence standard. *People v. Richardson*, 234 Ill. 2d 233, 251 (2009). Under this standard, a reviewing court is required to give great deference to the trial court's findings of fact and credibility determinations. *People v. Guerrero*, 2012 IL 112020, ¶ 19; see also *People v. Deleon*, 227 Ill. 2d 322, 332 (2008) ("[W]e give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses."). A finding is against the manifest weight of the evidence only if "the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id.*

¶ 12        In order for the defendant to be entitled to the immunity afforded by the statute, he would need to be responding to an "emergency call." See 625 ILCS 11-205(b) (West 2016). However, the Vehicle Code does not define what constitutes an "emergency" or an "emergency call." "In determining the plain, ordinary, and popularly understood meaning of a term, it is entirely appropriate to look to the dictionary for a definition." *People v. Bingham*, 2014 IL 115964, ¶ 55. Merriam-Webster's Online Dictionary defines "emergency" as "1: an unforeseen combination of circumstances or the resulting state that calls for immediate action" and "2: an urgent need for

assistance or relief." Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/emergency (last visited Aug. 22, 2019) [https://perma.cc/Y6NQ-JLVE].

¶ 13    Having reviewed the transcripts from the hearing and evidence of record, the trial court's factual determination that defendant was responding to an emergency call was not against the manifest weight of the evidence. The unrebutted testimony of Lieutenant Booker established that law enforcement was contacted to assist in locating a person missing from a mental health facility. Booker described what he believed to be the definition of an "emergency" as "[w]here assistance is required immediately to control a situation." Upon arriving on the scene and assuming control of the situation, Booker requested off-duty deputies to respond because the situation required immediate assistance. He even inquired into whether an airplane was available to aid in the search. In addition to the Whiteside County Sheriff's Department, two other police departments, assisted by the local fire department, and a private citizen using a drone participated in the search. Defendant being an off-duty deputy at the time was contacted by dispatch and, in turn, responded to the call. The evidence supports the trial court's finding of fact. However, even if the State was correct and the standard of review was *de novo*, we would affirm.

¶ 14                    B. Immunity While Responding to Emergency

¶ 15    Next, the State asserts that the trial court erred in interpreting section 11-205 of the Vehicle Code (625 ILCS 5/11-205 (West 2016)). Specifically, that the court's interpretation of section 11-205(c)(4) renders subsection (e) superfluous.

¶ 16    "The cardinal rule of statutory interpretation, to which all other rules are subordinate, is to ascertain and give effect to the intent of the legislature." *People v. Maggette*, 195 Ill. 2d 336, 348 (2001). "That inquiry appropriately begins with the language of the statute." *People v. Campa*, 217 Ill. 2d 243, 252 (2005). "We afford the language of the statute its plain and ordinary

meaning [citations] and construe the statute as a whole [citations]." *Id.* "It is an elementary principle of statutory interpretation that no statute should be construed in a manner which will lead to consequences which are absurd, inconvenient, or unjust." *People v. Partee*, 125 Ill. 2d 24, 30-31 (1988). Further, a court should avoid an interpretation of a statute that would render any portion thereof meaningless or superfluous. *People v. Jones*, 223 Ill. 2d 569, 581 (2006). We review a decision regarding the construction of a statute *de novo*. *Campa*, 217 Ill. 2d at 252.

¶ 17     The pertinent part of section 11-205 of the Vehicle Code provides:

"(b) The driver of an authorized emergency vehicle, *when responding to an emergency call* or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.

(c) The driver of an authorized emergency vehicle may:

\*\*\*

2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be required and necessary for safe operation;

3. Exceed the maximum speed limits so long as he does not endanger life or property;

4. *Disregard regulations governing direction of movement or turning in specified directions*.

\*\*\*

- 6 -

(e) *The foregoing provisions do not relieve the driver of an authorized emergency vehicle from the duty of driving with due regard for the safety of all persons, nor do such provisions protect the driver from the consequences of his reckless disregard for the safety of others*." (Emphases added.) 625 ILCS 5/11-205 (West 2016).

¶ 18    Section 11-205(c)(2) provides that the driver must slow down as necessary for safe operation before proceeding through a red light or a stop sign, while section 11-205(c)(3) provides that the driver may exceed the maximum speed limit only if one can do so without endangering life or property. There are no limitations present in section 11-205(c)(4).

> "Under our well-settled rules of statutory construction, 'where the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts will presume that the legislature acted intentionally in the exclusion or inclusion' [citation] and that the legislature intended different results [citation]." *People v. Hunter*, 2017 IL 121306, ¶ 48 (quoting *People v. Smith*, 2016 IL 119659, ¶ 30).

If the legislature intended to impose limitations on section 11-205(c)(4), it would have done so just as it did in the two sections preceding it.

¶ 19    Defendant asks us to declare that section 11-205(c)(4) immunizes individuals that fall within the statute from all criminal prosecutions under the Vehicle Code. We need not do so to dispose of the matter before us. In a civil context, our supreme court found that section 11-205(e) imposes a duty on emergency drivers to refrain from negligence. See *Harris v. Thompson*, 2012

IL 112525, ¶ 21. The petty offenses defendant is charged with are strict liability offenses relating to direction of movement as well as turning in specified directions. See *People v. Rodriguez*, 398 Ill. App. 3d 436, 443 (2009) ("The only intent necessary for a violation of the Vehicle Code is commission of the prohibited act."). A prosecution for failure to yield while turning left requires a showing that a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway failed to yield the right-of-way to any vehicle approaching from the opposite direction that was so close as to constitute an immediate hazard. See 625 ILCS 5/11-902 (West 2016). Likewise, driving in the wrong direction requires a showing that a vehicle driving upon a roadway so designated for one-way traffic was not driven in the direction indicated by official traffic control devices. See *id.* § 11-708. A motorist is guilty of improper lane usage when he " 'crosses over a lane line and is not driving as nearly as practicable within one lane.' " *People v. Leyendecker*, 337 Ill. App. 3d 678, 682 (2003) (quoting *People v. Smith*, 172 Ill. 2d 289, 297 (1996)). No mental state need be proven.

¶ 20 While we need not go so far as to say section 11-205(c)(4) completely immunizes drivers of authorized emergency vehicles from all criminal prosecutions under the Vehicle Code, it does immunize them from prosecution of the petty offenses regarding direction of movement or turning in specified directions. This interpretation does not "relieve the driver of an authorized emergency vehicle from the duty of driving with due regard for the safety of all persons," nor does it "protect the driver from the consequences of his reckless disregard for the safety of others." 625 ILCS 5/11-205(e) (West 2016). The trial court's interpretation did not render section 11-205(e) superfluous. Recklessness is simply not an element of the charged offenses.

¶ 21    The State's contention that defendant acted with reckless disregard for the safety of others is irrelevant to the issues before us. The State did not charge defendant with driving in such a manner. Had it done so, we would have a different case.

¶ 22    The trial court did not err in granting defendant's motion to dismiss.

¶ 23                                III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Whiteside County.

¶ 25    Affirmed.

¶ 26    JUSTICE McDADE, concurring in part and dissenting in part:

¶ 27    The majority has affirmed the trial court's decision dismissing charges of three petty traffic offenses against defendant, Jeffrey Wunderlich. In reaching its decision the majority construed section 11-205 of the Illinois Vehicle Code (625 ILCS 5/11-205 (West 2016)), finding that the statute insulated the defendant from prosecution because the violations occurred while he was responding to a police emergency in an official police vehicle. I agree dismissal is proper for count II, driving in the wrong direction (625 ILCS 5/11-708(b) (West 2016)), and count III, improper lane use (625 ILCS 5/11-709(a) (West 2016)), and I concur as to those charges.

¶ 28    I believe count I, failure to yield turning left (625 ILCS 5/11-902 (West 2016)), is not excused by any exception described in section 11-205 and should not have been dismissed. I, therefore, respectfully dissent from that portion of the majority's decision affirming the dismissal of count I.

¶ 29    I agree with the majority's statutory analysis, which I understand to conclude that Wunderlich, as a police officer responding to a police emergency in an official police vehicle is excused from compliance with specified types of traffic regulations and cannot, therefore, be

*criminally* charged for violating them. If, however, he fails to exercise "due regard for the safety of all persons," he may be civilly liable in negligence for injury that he causes while otherwise insulated from criminal penalty.

¶ 30 The basis for my dissent is that I do not agree that count I charges misconduct by defendant that falls within the statutory exceptions set out in section 11-205(c). To reiterate the applicable statutes, count I alleges a violation of section 11-902 (625 ILCS 5/11-902 (West 2016)), which provides:

> "Vehicle turning left. The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard, but said driver, having so yielded may proceed at such time as a safe interval occurs."

The statute creating the exceptions provides in pertinent part:

> "(b) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
>
> (c) The driver of the authorized emergency vehicle may:
>
> > 1. Park or stand, irrespective of the provisions of this Chapter;

- 10 -

2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be required and necessary for safe operation;

3. Exceed the maximum speed limits so long as he does not endanger life or property;

4. Disregard regulations governing direction of movement or turning in specified directions.

\*\*\*

(e) The foregoing provisions do not relieve the driver of an authorized emergency vehicle from the duty of driving with due regard for the safety of all persons, nor do such provisions protect the driver from the consequences of his reckless disregard for the safety of others." 625 ILCS 5/11-205(b), (c), (e) (West 2016).

The only exception into which the offense charged in count I could even arguably fit is subsection (c)(4), and a careful reading confirms that it does not actually fit there.

¶ 31 Count I does not charge defendant with making an illegal left turn. The gravamen of the charged offense is not the direction *per se* but rather it is that the turn to the left causes him to cross in front of vehicles approaching from the opposite direction, and he is liable for injury that results from his failure to yield the right-of-way to an oncoming vehicle "which is so close as to constitute an immediate hazard." Not only does the plain language of the offense distinguish it from the described exceptions, its inclusion within those exceptions would fly in the face of section 11-205(e) by expressly excusing driving without due regard for the safety of others.

¶ 32    For these reasons, I am convinced that neither section 11-205(c)(4) nor any one of the other subsections (c)(1-3) insulates this defendant from criminal liability for failure to yield while turning left as charged in count I.

**No. 3-18-0360**

| | |
|---|---|
| **Cite as:** | *People v. Wunderlich*, 2019 IL App (3d) 180360 |
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 17-TR-2144; the Hon. Theodore G. Kutsunis, Judge, presiding. |
| **Attorneys for Appellant:** | Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| **Attorneys for Appellee:** | James W. Mertes, James E. Fagerman, Gary L. Spencer, and Cristina M. Buskohl, of Mertes & Mertes, P.C., of Sterling, for appellee. |