2024 IL App (3d) 230365

Opinion filed November 14, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
|---|---|---|
| | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-23-0365 |
| v. | ) | Circuit No. 21-CF-1879 |
| | ) | |
| QUENTIN E. NANCE, | ) | Honorable |
| | ) | Amy Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Davenport concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      Following a stipulated bench trial, the trial court found defendant, Quentin E. Nance, guilty of driving while license revoked, enhanced to a class 4 felony under the Illinois Vehicle Code (Code). 625 ILCS 5/6-303(d-3)(1), (2) (West 2020). The court sentenced defendant to 180 days in jail and 12 months' conditional discharge. Defendant appeals, arguing that the penalty for driving while license revoked in both its base and enhanced form violates the proportionate penalties clause of the Illinois Constitution. In defendant's view, the elements in the offense of "Driving

while driver's license, permit, or privilege to operate a motor vehicle is suspended or revoked," set forth in its base form in section 6-303 of the Code, are identical to those in the offense of "No operation under foreign license during suspension or revocation in this State," set forth in section 6-210 of the Code, yet a violation of section 6-303 subjects a defendant to a harsher penalty. *Id.* §§ 6-210, 6-303. We reject defendant's argument because the purpose of section 6-210 of the Code is to serve as a complement to section 6-303 of the Code to explain, *inter alia*, under what circumstances a person who has a suspended or revoked Illinois driver's license, yet has obtained a driver's license from another state, may be prosecuted under section 6-303. Section 6-210 is not meant to be a separate violation of the Code considered in isolation from section 6-303 as is necessary to perform a proportionate penalties analysis. Affirmed.

## I. BACKGROUND

The State charged defendant with driving while license revoked (enhanced). *Id.* § 6-303(d-3)(1), (2). The State alleged that defendant drove on Plainfield Road (a public highway in Illinois) at a time when his driver's license was revoked for having violated section 11-501 or 11-501.1 of the Code (*id.* §§ 11-501, 501.1 (a subset of the provisions addressing driving under the influence)), having had four prior convictions for driving while license revoked or suspended.

Defendant filed a pretrial motion to dismiss the section 6-303 charge, raising the same proportionate penalties argument as on appeal. The State responded, and the trial court heard argument, after which the court summarily denied the motion without comment. Defendant moved to reconsider, and the court again summarily denied the motion.

Following a stipulated bench trial, the court found defendant guilty of driving while license revoked (enhanced) and sentenced defendant as indicated. Defendant filed a posttrial motion, again

raising a proportionate penalties argument. The court again summarily denied defendant's motion. This timely appeal followed.

¶ 6                                    II. ANALYSIS

¶ 7        Defendant argues, as he did below, that the penalty for the offense of "Driving while driver's license, permit, or privilege to operate a motor vehicle is suspended or revoked" (*id.* § 6-303) violates the proportionate penalties clause of the Illinois constitution because its elements are identical to those in "No operation under foreign license during suspension or revocation in this State" (*id.* § 6-210). Defendant notes that a violation of section 6-303 is a class A misdemeanor, with potential for felony enhancement based on a defendant's driving record and other circumstances. Defendant next characterizes section 6-210 of the Code as an "offense" and notes that, although section 6-210 does not specify a class of offense, section 6-601(a) of the Code instructs that violations of Chapter 6 not specified as misdemeanors or felonies are petty offenses subject to a fine of not more than $500. *Id.* § 6-601(a). Comparing the two offenses, defendant concludes that a violation of section 6-303 subjects a defendant to a harsher penalty than a violation of section 6-210.

¶ 8        The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A criminal sentence may be found unconstitutionally disproportionate when the punishment is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; or, as is argued here, when the punishment is harsher than the penalty for a different offense that contains identical elements. *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005). When offenses have identical elements but different penalties, the offense with the greater penalty cannot stand. *People v. Williams*, 2015 IL 117470, ¶ 10. The

3

identical-elements test does not require that the two offenses be "equally specific" or use the same words to describe each element. *Id.* ¶ 17; *People v. Clemons*, 2012 IL 107821, ¶ 23 (no requirement of "equally specific" language). Rather, the question is whether the language describing each element in the charged offense "mean[s] the same thing" as the corresponding element in the comparison offense or whether, instead, one of the offenses has a different or additional element. *Williams*, 2015 IL 117470, ¶ 17; *Clemons*, 2012 IL 107821, ¶ 24.

¶ 9        A sentencing provision, like any statute, is presumed constitutional. *Williams*, 2015 IL 117470, ¶ 8. The party challenging the statute has the burden of demonstrating its invalidity. *Id.* A trial court's ruling on a proportionate penalties challenge, as well as its statutory construction of the statutes at issue, are reviewed *de novo*. *Id.*; *People v. Wunderlich*, 2019 IL App (3d) 180360, ¶ 16 (statutory interpretation).

¶ 10       " 'The cardinal rule of statutory interpretation, to which all other rules are subordinate, is to ascertain and give effect to the intent of the legislature.' " *Wunderlich*, 2019 IL App (3d) 180360, ¶ 16 (quoting *People v. Maggette*, 195 Ill. 2d 336, 348 (2001)). The most reliable indicator of the legislature's intent is the plain language of the statute. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). The provisions of a given statutory enactment are to be read as a whole and must be construed in light of other relevant provisions rather than in isolation. *Id.* Courts should not read the statutory language in an overly literal manner, and we may presume that the legislature did not intend an absurd, inconvenient, or unjust result. *Id.* at 309. As such, we may properly consider "the reason and necessity for the law" and " 'the consequences that would result from construing it one way or the other.' " *Id.* at 308-09 (quoting *Fumarolo v. Chicago Board of Education*, 142 Ill. 2d 54, 96 (1990)). Also, when a statute has been judicially construed and the construction has not prompted an amendment, we may presume that the legislature has acquiesced

4

in the court's determination of the legislative intent. *People v. Smith*, 2013 IL App (2d) 121164, ¶ 17. In that vein, when the terms used in a statute have "acquired a settled meaning through judicial construction and are retained in subsequent amendments, they are to be understood and interpreted in the same sense attributed to them by the court unless a contrary intention of the legislature is made clear." *Board of Education of Chicago v. Moore*, 2021 IL 125785, ¶ 29.

¶ 11		Turning to the provisions of the Code at issue, "Driving while driver's license, permit, or privilege to operate a motor vehicle is suspended or revoked," is set forth in section 6-303(a), which provides in pertinent part:

> "any person who drives or is in actual physical control of a motor vehicle *on any highway of this State* at a time when such person's driver's license, permit, or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state, *** , shall be guilty of a Class A misdemeanor." (Emphasis added.) 625 ILCS 5/6-303(a) (West 2020).

The offense of driving while license revoked has only two elements: (1) the act of driving a motor vehicle on the highways of the State and (2) the fact of the revocation of the driver's license or privilege. *People v. Turner*, 64 Ill. 2d 183, 185 (1976). The offense of driving while license revoked may be enhanced to a felony based on a defendant's prior driving record and other circumstances. See, *e.g.*, 625 ILCS 5/6-303(d), (d-2), (d-2.5), (d-3), (d-3.5) (d-4), (d-5) (West 2020). "[T]he felony-enhancement factors in section 6-303(d) are not elements thereof." *People v. Davis*, 286 Ill. App. 3d 686, 690 (1997).

¶ 12		Section 6-210, "No operation under foreign license during suspension or revocation in this State," which defendant characterizes as a comparison offense, provides:

"Any resident or nonresident whose drivers license or permit or privilege to operate a motor vehicle *in this State* has been suspended or revoked as provided in this Act shall not operate a motor vehicle *in this State*:

\*\*\*

(2) after such revocation until a license is obtained when and as permitted under this Act, except as permitted by a restricted driving permit issued under the provisions of Section 6-205 of this Act." (Emphases added.) 625 ILCS 5/6-210 (West 2020).

¶ 13    The parties disagree as to the nature of section 6-210. Defendant posits that section 6-210 is a discrete violation of the Code, composed of the same elements, albeit in different words, as section 6-303. Defendant explains as follows. The Code defines "suspension" and "revocation" as the temporary withdrawal or termination, respectively, "of a person's license or privilege to operate a motor vehicle *on the public highways*." (Emphasis added.) *Id.* §§ 1-176, 1-204. Therefore, defendant continues, section 6-210's seemingly broad location element, which precludes a driver with a suspended or revoked Illinois license from driving "in this State" is identical to section 6-303's location sub-element, which precludes a driver with a suspended or revoked Illinois license from driving on "any highway of this State." Distilled, defendant's view is that to hold otherwise would be to expand the prohibitions contained in the underlying suspension or revocation order without notice to a defendant. His suspension or revocation order would prohibit him from operating a motor vehicle on the public highways, yet, if he operated a motor vehicle somewhere other than a public highway "in this State," he would be "guilty" of violating section 6-210.

6

¶ 14    The State counters, *inter alia*, that section 6-210 is not a discrete violation of the Code amenable to use as a comparison offense in a proportionate penalties analysis. Rather, section 6-210 serves as a complement to section 6-303 to explain under what circumstances a person who has a suspended or revoked Illinois driver's license, yet has obtained a driver's license from another state, may or may not be prosecuted under section 6-303.

¶ 15    Defendant disagrees that section 6-210 merely explains under what circumstances a person who has a suspended or revoked Illinois license, yet has obtained a license from another state, may be prosecuted under section 6-303. He contends that the State's attempt to limit section 6-210 relies upon the title of section 6-210, "No operation under foreign license during suspension or revocation in this State," which he argues cannot be considered in ascertaining section 6-210's meaning or place in the overall statutory scheme. *Id.* § 6-210. He cites to section 20-201 of the Code, which provides that "Chapter, Article and Section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any Chapter, Article or Section hereof." *Id.* § 20-201. In defendant's view, the State's interpretation of section 6-210 is untenable where the only reference to foreign licenses is in its title, as opposed to its text.

¶ 16    We agree with the State's position that section 6-210 pertains to drivers who have a suspended or revoked Illinois license yet have obtained a license in another state and, thus, is intended to inform when such drivers may be prosecuted under section 6-303. In reaching this conclusion, we consider predecessor versions of section 6-210, prior judicial applications of section 6-210, and complementary Article II and other Code provisions.

¶ 17    We begin with the predecessor versions of section 6-210. In 1939, the predecessor statute to the Code, the 1919 Motor Vehicle Law, provided:

7

"36b. Driving forbidden after revocation. Any resident or non-resident whose operator's or chauffeur's license or right or privilege to operate a motor vehicle in this State has been revoked as provided in this Act shall not operate a motor vehicle in this State under a license, permit, or registration certificate *issued by any other jurisdiction* or otherwise after such revocation until a new license is obtained when and as permitted under this Act." (Emphasis added.) Ill. Rev. Stat. 1939, ch. 95½, § 36b.

¶ 18    In 1953, the Motor Vehicle Law contained an amended version of the same law. Ill. Rev. Stat. 1953, ch. 95½, § 73.38. The 1939 reference to licenses "issued by any other jurisdiction" was removed from the statutory text. *Id.*

¶ 19    In 1957, the Motor Vehicle Law again contained an amended version of the same law. Ill. Rev. Stat. 1957, ch. 95½, § 6-210. The 1939 reference to licenses "issued by any other jurisdiction" again was absent from the statutory text but was added to the title. The 1957 version of the law had the same section and title that it carries today ("6-210. No operation under foreign license during suspension or revocation in this State." *Id.*) The text was virtually the same as today:

"Any resident or nonresident whose operator's or chauffeur's license or permit or privilege to operate a motor vehicle in this State has been suspended or revoked as provided in this Act shall not operate a motor vehicle in this State:

***

(2) After such revocation until a license is obtained when and as permitted under this Act, except as permitted by a restricted driving permit issued under the provisions of Section 6-205(a) of this Act." *Id.*

¶ 20    In 1970, the legislature enacted the Code, consolidating and recodifying various earlier laws including the aforementioned Motor Vehicle Law. See Pub. Act 76-1586 (eff. July 1, 1970).

8

The 1970 iteration of section 6-210 under the Code was nearly identical in title and text to the 1957 Motor Vehicle Law, except that the words "operator's or chauffeur's license" were stricken in favor of "drivers license." *Id.*

¶ 21 Finally, in 2001, the legislature amended section 6-210 to its present form, striking "6-205(a)" in favor of "6-205." Pub. Act 92-16, § 85 (eff. June 28, 2001). Thus, the most substantive amendment to the various iterations of section 6-210 occurred between 1939 and 1957, when the 1939 reference to licenses issued by other jurisdictions (or foreign licenses) was removed from the statutory text but added to the title.

¶ 22 With this statutory history in mind, we next review prior judicial decisions interpreting section 6-210. Our case law has consistently established that section 6-210's primary role in the Code's statutory scheme is, consistent with its title, to address the import of obtaining a foreign license when considering whether a defendant may be charged under section 6-303. The rulings in *People v. Klaub*, 130 Ill. App. 3d 704 (1985), *People v. Jones*, 100 Ill. App. 3d 831 (1981), *People v. Sass*, 144 Ill. App. 3d 163 (1986), and *People v. Masten*, 219 Ill. App. 3d 172 (1991), illustrate this point.

¶ 23 Each of these cases, being foreign-license cases, involve the Driver's License Compact (Compact). Illinois has incorporated the Compact into the Code. 625 ILCS 5/6-700 to 6-708 (West 2020). The Compact's stated purpose is to "[p]romote compliance with the laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles" and

"[m]ake the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the over-all compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance

9

of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states." *Id.* § 6-701(b).

¶ 24    In *Klaub*, the defendant's Illinois driver's license was revoked, and he never obtained a new one. *Klaub*, 130 Ill. App. 3d at 705. He then moved to Indiana, a Compact state, and obtained an Indiana driver's license. *Id.* After that, he moved back to Illinois and, within 90 days of his return, was arrested pursuant to section 6-303 for driving while license revoked. *Id.* The trial court convicted the defendant. *Id.* at 704. The appellate court reversed the conviction, explaining:

> "After the defendant's Illinois license was revoked, section 6-210 of the Code prohibited the defendant from driving in Illinois 'until a license is obtained when and as permitted under [the Code].' [Citation.] However, the Driver License Compact is part of the Code. Therefore, when the defendant was issued a valid Indiana license he was issued a license satisfying the requirement of section 6-210." *Id.* at 707.

Because the defendant had a valid license from a Compact state, he was driving lawfully in Illinois at the time of his arrest and, like any new Illinois resident, was entitled to a 90-day grace period within which to obtain an Illinois license. *Id.* The defendant should not have been prosecuted under section 6-303. *Id.*

¶ 25    In *Jones*, the defendant's Illinois driver's license was revoked. *Jones*, 100 Ill. App. 3d at 833. Before the defendant was eligible to apply for a new license, he moved to Texas, a non-Compact state, and obtained a Texas driver's license. *Id.* The defendant later moved back to Illinois, where, having never applied for a new Illinois license, he was arrested and convicted for driving while license revoked. *Id.* On appeal, the defendant argued that he was not properly charged and convicted under section 6-303, because he complied with section 6-210 by obtaining a Texas license. *Id.* at 836. The *Jones* court rejected the argument, explaining, "Defendant's

10

argument might have some validity if Texas were a party *** to the [Compact] [citations]." *Id.* "Even if Texas were a party State to the Compact, it is only speculative whether it would have issued a license under [section 6-704, addressing the party state's assessment that it is safe to issue a license]." *Id.* at 836-37. The defendant was properly charged and convicted under section 6-303. See *id.*

¶ 26 In *Sass*, the defendant's Illinois driver's license was revoked. *Sass*, 144 Ill. App. 3d at 165. When the revocation period expired, the defendant applied for an Illinois driver's license but was denied. *Id.* That same year, the defendant moved to Wisconsin, a non-Compact state. *Id.* The defendant applied for and obtained a valid Wisconsin driver's license. *Id.* The next year, the Illinois police stopped the defendant for an equipment violation, at which point they discovered that his Illinois license was still revoked. *Id.* The defendant was charged and convicted pursuant to section 6-303 of the Code for driving while license revoked. *Id.*

¶ 27 On appeal, the defendant argued that section 6-210, not section 6-303(a), was the appropriate charging statute. *Id.* at 166. The defendant reasoned that a specific statute controls over a general statute and that section 6-210 was more specific than section 6-303 because section 6-210 was limited to drivers with revoked Illinois licenses who had obtained foreign driver's licenses, while section 6-303 was directed at any driver with a revoked Illinois license. *Id.*

¶ 28 The *Sass* court declined the defendant's invitation to perform a side-by-side comparison of sections 6-210 and 6-303 and instead read section 6-210 as informing section 6-303. *Id.* at 167-69. It explained that "[d]uring revocation or suspension, a former licensee who operates a motor vehicle on any highway in this State is subject to criminal liability" under section 6-303. *Id.* at 167. Further, section 6-210, when read in conjunction with 6-303 and other provisions of the Code, "prohibits any person whose license has been revoked in Illinois from driving in this State, even

11

under a foreign license, 'until a license is obtained when and as permitted under this [Code].' " *Id.* at 167-68 (quoting Ill. Rev. Stat. 1983, ch. 95½, § 6-210(2)). The court continued that the Code permitted a driver with a revoked Illinois license to obtain a new license under the Compact. *Id.* at 168. The court then compared *Klaub* (which reversed a section 6-303 conviction when the defendant had a driver's license from a Compact state) and *Jones* (which affirmed a section 6-303 conviction when the defendant had a driver's license from a non-Compact state). In light of *Klaub* and *Jones*, and reading sections 6-303 and 6-210 together, the *Sass* court concluded that it is "entirely proper to charge and convict someone under section 6-303(a) where that person's Illinois license remains revoked, even though that person exhibits a valid license from a non-Compact State." *Id.* at 170.

¶ 29        Finally, in *Masten*, the defendant's Illinois statutory summary suspension period was ongoing when he applied for and obtained a driver's license in Virginia, a Compact state. *Masten*, 219 Ill. App. 3d at 174. One year after obtaining his Virginia license, the defendant was arrested in Illinois, pursuant to section 6-303, for driving while license suspended. *Id.* The trial court dismissed the charges because the defendant had a license from a Compact state. *Id.* at 175.

¶ 30        The appellate court reversed the dismissal. Citing to section 6-210, it explained: "When a defendant's driver's license has been [suspended or] revoked, he is not permitted to drive in Illinois until he obtain[ed] a license in compliance with the [Code]." *Id.* at 174. The Code, in turn, provides that a Compact state may not grant a driver's license to a person who has a suspended license from a party state until the suspension has ended. *Id.* (citing Ill. Rev. Stat. 1989, ch. 95½, ¶ 6-704(1)). As such, the defendant's Virginia license was invalid under the Compact, and the defendant was properly charged with driving while license suspended or revoked under section 6-303. *Id.* at 174-75. The court noted: "Were we to hold otherwise, it would lead to the absurd result that one whose

12

license has been [suspended] could avoid the effect of the summary suspension by obtaining a license in a foreign State as defendant did in this case." *Id.* at 175. The defendant had been properly charged with violating section 6-303. See *id.*

¶ 31     It has long been held that to ascertain the intent of the legislature, section "6-210 must be read together with section 6-303," along with other sections of the Code. *People v. Suddoth*, 52 Ill. App. 2d 355, 357 (1964) (reading sections 1-157, 6-208(b) (625 ILCS 5/1-157, 6-208(b) (West 2020)), and 6-210 together with section 6-303 to determine that, once revoked, there is no automatic restoration of driving privileges). Further, *Klaub*, *Jones*, *Sass*, and *Masten* establish that section 6-210 pertains to drivers who have had their Illinois licenses suspended or revoked but have obtained a license in another state, and section 6-210 instructs when such a driver may or may not be charged under section 6-303. As interpreted by the cases, section 6-210 precludes such a driver from being charged under section 6-303 when he has obtained a valid license from a Compact state. See, *e.g.*, *Klaub*, 130 Ill. App. 3d at 707. In other instances, section 6-210 instructs that such a driver may not avoid the effect of his Illinois suspension or revocation by relying upon a license from a non-Compact state or a license from a Compact state that was improperly obtained. See, *e.g.*, *Jones*, 100 Ill. App. 3d at 836 (non-Compact state); *Sass*, 144 Ill. App. 3d at 170 (non-Compact state); *Masten*, 219 Ill. App. 3d at 175 (Compact state, improperly obtained license).

¶ 32     Thus, while we recognize that a section heading shall not govern our decision regarding the legislature's intent in drafting a respective section, courts have consistently judicially construed section 6-210 as applying to drivers who have obtained a license in another State. These cases date primarily from the 1980's and 1990's, well after the topic of holding a foreign license was moved from the text of section 6-210 to its title. As stated in *Jones*, "section 6-210 by its obvious terms prohibits operation of a motor vehicle under a foreign license when the Illinois license has been

13

revoked and requires that a license be obtained under [Illinois] Law." *Jones*, 100 Ill. App. 3d at 837. The legislature is presumed to have known of this interpretation in 2001, when it again amended section 6-210 without returning an express reference to foreign licenses to the statutory text.

¶ 33        Additionally, we observe that the post-1939 statutory text of section 6-210 retains indirect references to the topic of holding a foreign license. As the case law notes, section 6-210 instructs that a person with a revoked license must follow the strictures of the Code in order to regain driving privileges, and the Code includes the Compact. See *Klaub*, 130 Ill. App. 3d at 707. Section 6-205 of the Code, referenced in section 6-210, likewise instructs that its many provisions are subject to the Compact. 625 ILCS 5/6-205(e) (West 2020). One aim of the Compact is to reciprocate licensing procedure amongst the Compact states. *Id.* § 6-701(b). This goal necessarily implicates the topic of foreign licenses.

¶ 34        We further observe that section 6-210's use of the words "in this State," as well as its use of "resident" and "nonresident" (as opposed to "any person"), are mirrored throughout Chapter 6, Article II of the Code in a manner consistent with the State's position that section 6-210 informs when a driver with a revoked Illinois license may be charged under section 6-303 versus when he may regain his Illinois driving privileges. For example, section 6-202 addresses "nonresidents" and instructs that, when a nonresident is convicted of violating the vehicle laws "of this State," the Illinois Secretary of State may forward a report of the same to the administrator of the convicted driver's resident state. *Id.* § 6-202(b). Section 6-202 further states that its provisions are subject to the Compact. *Id.* § 6-202(d). Section 6-203 addresses "resident[s]" and "nonresident[s]" and instructs that the Illinois Secretary of State may suspend or revoke a resident's Illinois license or a nonresident's privilege to drive a motor vehicle "in this State" upon receiving notice of the

14

conviction "in another State" of an offense which, if committed "in this State" would be grounds for suspension or revocation. *Id.* § 6-203. Section 6-203 further states that its provisions are subject to the Compact. *Id.* In comparing the use of the terms "in this State," "in another State," "resident," and "nonresident," as they are used throughout Article II in sections 6-202, 6-203, and 6-210, it becomes apparent that the legislature intended to use these provisions to instruct upon Illinois driving privileges or lack thereof for residents and nonresidents alike, as those persons avail themselves to the driving laws and procedures of Illinois and of other states.

¶ 35    Thus, section 6-210's reference to a suspension or revocation "in this State" *denotes the applicable governing and licensing state*, "this State" of Illinois. It invokes the preeminence of Illinois law, including the Compact, over the laws of other states that might otherwise afford contrary privileges. In other words, any person, resident or nonresident, who violates *Illinois* Code provisions—such that he is subject to an *Illinois* suspension, revocation, or restricted permit— cannot drive on *Illinois* highways, unless he follows the procedures in the *Illinois* Code to regain his *Illinois* driving privileges.

¶ 36    Therefore, section 6-210 does not, as defendant contends, set forth the term "in this State" to establish part of an element of an offense, specifically a location parameter. Indeed, that would be unnecessary because the definition of suspension and revocation itself already includes the location parameter of the public highways. See, *e.g.*, *Quad Cities Open, Inc. v. City of Silvis*, 208 Ill. 2d 498, 508 (2004) (statutes should not be construed so as to render any term superfluous). Rather, section 6-210's reference to "in this State" is meant to invoke the preeminence of Illinois law over Illinois highways so as to inform when a defendant may be charged under section 6-303 versus when he may regain Illinois driving privileges.

15

¶ 37    We are not persuaded by defendant's remaining arguments. Defendant argues that to construe section 6-210 as pertaining to drivers who have had their Illinois licenses suspended or revoked but have obtained a license in another state renders the scope of section 6-210 so narrow as to be nearly useless. Defendant notes that, presently, there are only five non-Compact states: Georgia, Massachusetts, Michigan, Tennessee, and Wisconsin. See, *e.g.*, Int'l Ctr. For Interstate Compacts, Driver License Compact, https://compacts.csg.org/compact/driver-license-compact/ (last visited Nov. 4, 2024) [https://perma.cc/NPK4-235L] (showing Tennessee joined in 2020).

¶ 38    However, it is entirely rational for legislation to address the licensing schemes of the non-Compact states. Moreover, section 6-210 does *not* apply solely to the licensing schemes of only five states. It applies to the licensing schemes of all the states, in that it instructs both when a defendant may be charged under section 6-303 (when his foreign license is from one of the 5 non-Compact states or when his foreign license was improperly obtained from one of the 45 Compact states) *and* when a defendant may not be charged under section 6-303 (when his foreign license is properly obtained from one of the 45 Compact states). At least four cases, see *supra*, have been decided consistent with the State's interpretation of section 6-210.

¶ 39    We recognize, as defendant has set forth in his motion to cite additional authority, that a handful of defendants over the years have been charged with violating section 6-210, as though it were an independent offense. In addition, the Administrative Code lists section 6-210 as a "traffic offense." 92 Ill. Adm. Code 1040.20(b) (2023). These observations, however, do not dissuade us from our analysis. Defendant has not pointed us to any appellate case, published or otherwise, affirming such a conviction. Indeed, as suggested in *Masten*, allowing a driver with a revoked Illinois license to avoid the risk of a Class A misdemeanor or felony conviction under section 6-303, and instead risk only a petty offense by availing himself to the laws of another state, would

16

eviscerate the underlying revocation order. See *Masten*, 219 Ill. App. 3d at 175. The very purpose of section 6-210 is to do the opposite—to give effect and stability to the underlying revocation order by instructing that a driver with a suspended or revoked Illinois license may not avail himself of the licensing procedure of another state to regain driving privileges in Illinois and must instead follow specific Illinois procedure to regain Illinois driving privileges. See *id.*; see also *Suddoth*, 52 Ill. App. 2d at 357 (once revoked, there is no automatic restoration of driving privileges).

¶ 40        Our analysis of section 6-303 presumes that its sentencing scheme is constitutional. For the reasons set forth above, we agree with the State's position that section 6-210 serves only as a complement to section 6-303 to instruct when a driver who has obtained a foreign license may be charged under section 6-303 versus how he may regain Illinois driving privileges. Accordingly, section 6-210 is not amenable to a proportionate penalties analysis vis-à-vis section 6-303.

¶ 41                                III. CONCLUSION

¶ 42        The judgment of the circuit court of Will County is affirmed.

¶ 43        Affirmed.

17

*People v. Nance*, 2024 IL App (3d) 230365

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 21-CF-1879; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Vaidehi Suriyanarayanan, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |